IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALL-U-NEED TEMPORARY          :
SERVICES INC.                 :
                              :
   v.                         :   Civil Action No. DKC 09-3229
                              :
FIRST TRANSIT, INC.,          :
et al.                        :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this trademark infringement case is a motion to dismiss (Paper 6). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion to dismiss will be granted.

**I. Background**

The factual background in this case is brief. Plaintiff All-U-Need Temporary Services Inc. is a minority-female owned business that provides temporary staffing services. Its headquarters are in the District of Columbia and it is a Montgomery County, Maryland vendor. (Paper 1 ¶ 1). Defendants First Transit, Inc. and First Vehicle Services, Inc. are headquartered in Delaware and Ohio, respectively. (Paper 1 ¶¶ 2-3). First Vehicle Services, Inc. is a wholly owned subsidiary of First Transit, Inc. Defendants provide transit fleets to local and state governments throughout the country.

Plaintiff contends that during December 2000, without its knowledge or authorization, two of Defendants' employees signed a contract (#0507000009-AA) performance plan with Montgomery County, Maryland ("the County"). (Paper 1 ¶¶ 8-9). This plan – a "Minority, Female, Disabled Persons Subcontractor Performance Plan" ("the contract") – listed Plaintiff's company (among others) as a subcontractor. (*Id*. at ¶ 9). Plaintiff contends that the County awarded one or both Defendants the overall contract and Plaintiff was thus awarded a subcontract. (*Id*. at ¶ 11). Plaintiff also alleges that from December 2000 until present some of the work that the County ordered Defendants to perform included work to be performed by Plaintiff. (*Id*. at ¶ 12). Plaintiff contends that throughout the contract period Defendants have failed to disclose to the County that they had never contacted or subcontracted with Plaintiff. (*Id.* at ¶ 14).

Plaintiff attaches an excerpt of the contract (Exhibit 1) as well as a list "allegedly prepared by [the County] of some or all purchase orders to defendants . . . for work that was to include plaintiff as a [] subcontractor." (*Id*. at ¶ 12; Exhibit 2). The contract itself lists several minority, female or disabled person owned businesses. Plaintiff is listed as number eight. (Paper 1, Ex. 1, at 2). Referring to Plaintiff, the contract states that "the percentage of total contract dollars

2

to be paid to this subcontractor is 0 – .4 %." (*Id.*). Exhibit 2 lists payments made starting on December 29, 2000 through May 21, 2008 under contract 0507000009AA in varying amounts to vendor "All U Need Temp Serv." (Paper 1, Ex. 2).[1]

Plaintiff's complaint, filed in this court on December 3, 2009, is premised on the argument that Defendants illegally, and without authorization, used Plaintiff's company name on the contract and that Defendants benefitted from using that name by receiving millions of dollars in contracts from the County. (Paper 1 ¶ 8).

The complaint states six causes of action. Counts I and II are filed under the Lanham Act and initially argue that the name "All-U-Need Temporary Services" is protected. Both causes are filed pursuant to 15 U.S.C.A. § 1125(a)(1) and § 1117(a). Count III is for common law unfair competition. Count IV is for "[m]isappropriation of Plaintiff's Identity, Name, Statuses, Goodwill, Subcontract, and Money." Count V alleges a cause of

---

[1] "In deciding a Rule 12(b)(6) motion, the court will consider the facts stated in the complaint and the documents attached to the complaint. The court may also consider documents referred to in the complaint and relied upon by plaintiff in bringing the action." *Abadian v. Lee*, 117 F.Supp.2d 481, 485 (D.Md. 2000)(citing *Biospherics, Inc., v. Forbes, Inc.*, 989 F.Supp. 748, 749 (D.Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998)). Although Plaintiff only attaches an excerpt of the contract with the County, Defendants attach the entire section dealing with subcontractors. Therefore, the court refers to the attachment included with Defendants' motion to dismiss.

action for "Nondisclosure Fraud" and Count VI is for unjust enrichment.

Defendants filed a motion to dismiss on January 28, 2010. (Paper 7). Defendants move to dismiss all causes of action for failure to state a claim. Plaintiff filed a response in opposition on February 19, 2010 (Paper 12) and Defendants then filed a reply. (Paper 14).

**II. Motion to Dismiss**

**A. Standard of Review**

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement."

4

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(internal citations omitted).

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

This case involves an allegation of fraud, which requires a higher showing to survive a motion to dismiss. Rule 9(b) provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). "Malice, intent, knowledge, and other condition of mind of a person may be averred generally." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 n.6 (4th Cir., 1999). Not all the causes of action alleged in the complaint at issue include allegations of fraudulent behavior. Only causes of action involving fraud must meet the higher standard imposed by Rule 9(b). *See Balt. County v. Cigna Health*care, 238 Fed. Appx. 914, 922 (4th Cir. 2007)(unpublished)(quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003)).

> A plaintiff may choose not to allege a unified course of fraudulent conduct in support of a claim, but rather to allege some fraudulent and some non-fraudulent conduct. In such cases, only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements.

*Id*. at 1104. Rule 9(b) "does not require that allegations supporting a claim be stated with particularity when those allegations describe non-fraudulent conduct." *Id*. at 1104.

**B. Analysis**

Plaintiff's complaint consists of conclusory statements that fail to satisfy pleading requirements, and Defendants' motion to dismiss will be granted.

The first three Counts in the complaint deal with trademark infringement. Counts I and II are largely identical. Count III advances arguments as a common law unfair competition action and can be analyzed simultaneously to the Lanham Act claims. *See Sterling Acceptance Corp. v. Tommark, Inc.*, 227 F.Supp.2d 454, 460 (D.Md. 2002).

"A trademark is any word, name, symbol, or device used by a person to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown." 15 U.S.C. § 1127 (2010). This court has held that

> [t]he two basic elements necessary to establish infringement of an unregistered mark are "(1) the adoption and use of a mark and [the] entitlement to enforce it, and (2) the adoption and use by a junior user of a mark that is likely to cause confusion that goods or services emanate from the senior owner." *Quality Inns Int'l, Inc. v. McDonald's Corp.,* 695 F.Supp. 198, 209 (D.Md.1988); *see also Yarmuth-Dion, Inc. v. D'ion Furs, Inc.,* 835 F.2d 990, 992-93 (2d Cir.1987).

*Maryland Stadium Authority v. Becker*, 806 F.Supp. 1236, 1238 (D.Md. 1992). Plaintiff fails to allege any facts that

could constitute a violation of the Lanham Act or common law. Plaintiff alleges that it made "exclusive, continuous" use of the name "All-U-Need Temporary Services" in D.C. and Virginia. (Paper 1 ¶ 7). It then contends that during December 2000,

> without plaintiff's knowledge, authorization and/or consent . . . defendants . . . misappropriated, capitalized on, and/or used plaintiff's identity, name, statuses and/or goodwill, to obtain MCM contract . . . by falsely misrepresenting to MCM that

they had subcontracted with plaintiff. (*Id*. at ¶ 8). In other words, Plaintiff is alleging that Defendants represented to the County that they were utilizing Plaintiff's services and that because of this misrepresentation, the County awarded Defendant a contract for services.

Plaintiff's account is a mischaracterization of the contract itself, which lists many potential subcontractors with which Defendant might potentially contract. (Paper 7, Attach. 1). Furthermore, using Plaintiff's name to refer to the Plaintiff is not a violation of federal or state trademark laws. The usage of Plaintiff's name in the subcontractor application was only to refer to Plaintiff itself, and therefore does not violate any trademark infringement laws. *See National Federation of the Blind, Inc. v. Loompanics Enterprises, Inc.*, 936 F.Supp. 1232, 1241 (D.Md. 1996)(holding that it "is well established that the use of a registered mark is not prohibited

if the use is intended merely to refer to the holder of a mark."). In the contract, Defendants truthfully included and referred to Plaintiff as a minority-female owned company and as a potential subcontractor. They also listed nine other such companies. Utilizing the company names to refer truthfully to them takes the action outside the realm of trademark law.

Plaintiff also tries to contend that a strong likelihood of confusion exists because of the Defendants' usage of Plaintiff's name. Plaintiff offers no facts or circumstances to support this notion, however, and "a conclusory and 'formulaic recitation' of the elements of a trademark infringement cause of action is insufficient to survive a motion to dismiss." *Hensley Mfg., Inc., v. ProPride, Inc. 579 F.3d 603*, 611 (6th Cir. 2009)(quoting *Iqbal*, 129 S.Ct. at 1954). It says that "a substantial, or appreciable number in the relevant class of plaintiff's market segment understood plaintiff's name, when used in context, to refer to its business . . . and not just to the primary meaning, or what the descriptive words in the plaintiff's name ordinarily describe." (Paper 1 ¶ 49). Defendants' use of Plaintiff's company name does, however, refer to the business itself. No facts are alleged that using the business name to refer to the business caused confusion to anyone. Counts I-III fail to state a claim because, according

9

to the very terms of the Plaintiff's argument, no violation has occurred.

Count IV, for misappropriation of Plaintiff's identity, goodwill, etc., must also be dismissed. In their motion Defendants argue that the cause of action brought by Plaintiff does not exist in Maryland. (Paper 7, at 9-10). In its response, Plaintiff clarifies that this Count is brought under the Lanham Act, although that is not alleged in the complaint. Plaintiff says that "it was a violation of the Lanham Act for the defendants in this case to misappropriate the MFD and MDOT status, identity and goodwill (as well as plaintiff's subcontract) to obtain and maintain . . . the lucrative MCM contract." (Paper 12, at 13). It appears that Plaintiff is attempting to argue, just as in Counts I-III, that Defendants utilized Plaintiff's company name (which had acquired status as a minority, female or disabled person owned business under the Maryland Department of Transportation) to obtain the contract. This claim is repetitive of the first three Counts, where Plaintiff makes the same arguments. Again, there is no basis for finding that Defendants utilized the name of Plaintiff in any way other than to identify a potential subcontractor, and therefore this cause fails to state a claim.

Count V, for "nondisclosure fraud," is similarly problematic. Defendants again argue that such a claim does not exist in Maryland law. They contend, however, that if Plaintiff is attempting to state a cause of action for fraudulent concealment, then that too must be dismissed. In its response, Plaintiff discusses fraudulent concealment. The essential elements for a claim of fraudulent concealment include: (1) the defendant owed a duty to the plaintiff to disclose a material fact; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) the plaintiff suffered damages as a result of the defendant's concealment. *Lloyd v. General Motors Corp.*, 397 Md. 108, 138 (2007)(citing *Green v. H & R Block,* 355 Md. 488, 525 (1999)). Claims of fraud must be pled with particularity, as noted above. Plaintiff has not met its pleading burden in this case: it has not alleged that Defendants made a false representation to the Plaintiff, and it has offered no facts to show that any duty of disclosure existed between the parties. Furthermore, Plaintiff details no actions taken to show that it relied on any concealment that it alleges occurred. Rather, it alleges that the County "did in fact reasonably rely on defendants' aforesaid misrepresentations." (Paper 1 ¶ 29).

11

To assert a claim of fraudulent concealment, however, Plaintiff must show that it relied and took action based on on Defendants' concealment. Therefore, it has not properly alleged a claim of fraudulent concealment and the Count must be dismissed.

Finally, Plaintiff's complaint fails to state a claim for unjust enrichment. To succeed on an unjust enrichment claim, the Court of Appeals of Maryland has clarified the three elements that a plaintiff must show:

> (1) A benefit conferred upon the defendant by the plaintiff; (2) An appreciation or knowledge by the defendant of the benefit; and (3) The acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value.

*Sensormatic Sec. Corp. v. Sensormatic Elec. Corp.*, 249 F. Supp.2d 703, 708 (D.Md. 2003)(internal quotes omitted). Plaintiff's complaint nowhere alleges that Plaintiff conferred a benefit upon Defendants. The benefit alleged to have occurred was performed by the County – the entity which contracted with Defendants and then paid Defendants for their services. In its complaint, Plaintiff simply lists the elements for a claim of unjust enrichment but does not allege any facts to support those elements. It contends, for instance, that "Defendants caused themselves to be unjustly enriched by knowingly and wrongfully misappropriating plaintiff's identity . . . to thereby illegally

confer benefits on to themselves [sic]." (Paper 1 ¶ 108). This claim will also be dismissed.

**III. Conclusion**

For the foregoing reasons, Defendants' motion to dismiss will be granted. A separate Order will follow.

        /s/
DEBORAH K. CHASANOW
United States District Judge
